**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | **)** | |
| **COMPLAINT OF TODD TIGNER** | **)** | |
| **REBECCA TIGNER AND** | **)** | |
| **DIVERSIFIED BUILDERS, INC.,** | **)** | **Case No. 2:17-cv-02063** |
| **FOR EXONERATION FROM OR** | **)** | |
| **LIMITATION OF LIABILITY** | **)** | |
| **EXONERATION FROM, OR** | **)** | |
| **LIMITATION OF, LIABILITY.** | **)** | |

**ANSWER TO COMPLAINT FOR EXONERATION**
**FROM OR LIMITATION OF LIABILITY**

COME NOW the Defendants, Wray Cox and April Cox, (hereinafter "Defendants"), who, in Answer to the Complaint of Todd Tigner and Rebecca Tigner for Exoneration from or Limitation of Liability, would state as follows:

1. The allegations of Paragraph 1 require no response from these Defendants.

2. Defendants at this time are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore deny the allegations of Paragraph 4 and demand strict proof thereof if their rights are to be affected thereby.

3. The allegations of Paragraph 3 are admitted.

4. Defendants at this time are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore deny the allegations of Paragraph 4 and demand strict proof thereof if their rights are to be affected thereby.

5. Defendants admit the allegation of Paragraph 5 that at the time of the incident the True Blessing was anchored in the Mississippi River, a navigable waterway, but deny the remaining allegations of said Paragraph and demand strict proof thereof if their rights are to be affected thereby.

6. The allegations of Paragraph 6 are admitted.

7. The allegations of Paragraph 7 are admitted.

8. The allegations of Paragraph 8 are admitted.

9. The allegations of Paragraph 9 are admitted.

10. The allegations of Paragraph 10 are admitted.

11. The allegations of Paragraph 11 are admitted.

12. The allegations of Paragraph 12 are admitted.

13. Defendants deny the allegations of Paragraph 13 of the Complaint and demand strict proof thereof if their rights are to be affected thereby.

14. Defendants deny the allegations of Paragraph 14 of the Complaint and demand strict proof thereof if their rights are to be affected thereby.

15. Defendants at this time are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore deny the allegations of Paragraph 15 and demand strict proof thereof if their rights are to be affected thereby.

16. Defendants deny the allegations of Paragraph 16 of the Complaint and demand strict proof thereof if their rights are to be affected thereby.

17. Defendants deny the allegations of Paragraph 17 of the Complaint and demand strict proof thereof if their rights are to be affected thereby.

18. Defendants deny the allegations of Paragraph 18 and demand strict proof thereof if their rights are to be affected thereby.

19. Defendants deny the allegations of Paragraph 19 and demand strict proof thereof if their rights are to be affected thereby.

**DEFENSES**

20. Defendants allege and aver that the injuries to the Defendants were caused by the fault and negligence of the Petitioners as is more specifically shown in the Proof of Claim against Petitioners and the Tigner vessel filed herewith and incorporated herein by reference. All acts of negligence alleged therein were within the privity and knowledge of the Petitioners, and therefore Petitioners are not entitled to claim exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501, et seq.

21. All allegations of said Verified Complaint for Exoneration from or Limitation of Liability not heretofore specifically admitted are hereby denied.

Wherefore, having fully answered, Defendants, pray that the Complaint of Todd Tigner and Rebecca Tigner be dismissed and that Defendants be allowed to go hence with their costs.

Respectfully submitted,

GODWIN, MORRIS,
LAURENZI, BLOOMFIELD, P.C.
50 North Front St., Suite 800
Memphis, TN 38103
(901) 528-1702

/s/Lee J. Bloomfield
Lee J. BLOOMFIELD #8851
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I, Lee J. Bloomfield, do hereby certify that on the _____ day of __________, 2017, I electronically filed a true and accurate copy of the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of the filing to:

Vickie Moffett Cruzen, Esq.
22 North Front Street, Suite 850
Memphis, Tennessee 38103

James K. Mondl, Esq.
701 Market Street, Suite 260
St. Louis, Missouri 63101

James K. Mondl, Esq.
Tonkin & Monel, LC
701 Market Street, Suite 260
St. Louis, Missouri 63101

s/Lee J. Bloomfield